BROOKE KILLIAN KIM (CA Bar No. 239298)
brooke.kim@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:   619.699.2700
Fax:   619.699.2701

MATTHEW HOLIAN (CA Bar No. 211728)
matt.holian@dlapiper.com
KATHERINE INSOGNA (CA Bar No. 266326)
katie.insogna@dlapiper.com
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel:   617.406.6000
Fax:   617.406.6100

Attorneys for Defendants
Bristol-Myers Squibb Company
and Pfizer Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE QUARG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, a corporation; and BRISTOL-MYERS SQUIBB, a corporation; and PFIZER INC., a corporation; and DOES 1 through100, Inclusive,<br><br>Defendants. | CASE NO. **'16CV2711 JLS  WVG**<br><br>**NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.** |

EAST\135364145.1

NOTICE OF REMOVAL

1       **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

2 **ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that Defendants Bristol-Myers Squibb Company

4 ("BMS") and Pfizer Inc. ("Pfizer") (collectively, "Defendants") remove the above-

5 entitled state court action, Case No. 37-2016-00035743-CU-PL-CTL, from the

6 Superior Court of the State of California for the County of San Diego, to the United

7 States District Court for the Southern District of California on the basis of diversity

8 jurisdiction.  In support of this Notice of Removal, Defendants state as follows:

9 **I.**     **THE STATE COURT ACTION**

10       The removed action, *Florence Quarg v. McKesson Corp., et al.*, was filed on

11 October 12, 2016 in the Superior Court of the State of California for the County of

12 San Diego and assigned Case No. 37-2016-00035743-CU-PL-CTL.  The

13 allegations in the Complaint relate to the prescription medication Eliquis.  The

14 Complaint asserts causes of action for negligence, strict product liability (failure to

15 warn), strict product liability (design defect), breach of express warranty, breach of

16 implied warranty, negligent misrepresentation, deceit by concealment (California

17 Civil Code §§ 1709, 1710), and fraud.  Pursuant to 28 U.S.C. § 1446(a), attached

18 are copies of all state court process, pleadings, and orders served on Defendants in

19 the removed case.  (Declaration of Brooke Kim in Support of Notice of Removal by

20 Defendants ("Kim Decl."), Exhibits C through K.[1])

21 **II.**    **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

22       This case is properly removed under 28 U.S.C. § 1441 because it is a civil

23 action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332

24 (diversity of citizenship).  The matter in controversy exceeds the sum of $75,000,

25 exclusive of interest and costs, and complete diversity exists between the properly

26 considered plaintiffs and defendants.

27 _____

28 [1] Exhibit K is a served (but not filed) copy of Defendants' Answer, as a conformed copy was not available at the time of remqval.  (Kim Decl., ¶ 6.)

-1-

## III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

Plaintiff commenced this action on October 12, 2016.  The Complaint has not yet been served on Defendants, but Pfizer and BMS filed their Answer on October 31, 2016.  This Notice of Removal is therefore timely filed.  28 U.S.C. § 1446(b).

Defendants BMS and Pfizer consent to removal.  Consent to removal by Defendant McKesson Corporation ("McKesson") is not required because McKesson has been fraudulently joined.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (noting that fraudulently-joined defendants need not join in a removal petition).

Venue is proper in this Court because the United States District Court for the Southern District of California embraces the county in which the state court action is now pending.  *See* 28 U.S.C. §§ 1441(a), 84(d).

Pursuant to 28 U.S.C. § 1446(d), Defendants will file in the state court and serve on all parties a Notice to Opposing Party of Notice of Removal and this Notice of Removal.[2]

## IV.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

The face of the Complaint alleges claims for which the damages sought will be well in excess of $75,000, exclusive of interest and costs, thereby satisfying the amount-in-controversy requirement of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Where, as here, a complaint does not specify the amount of damages being sought,

---

[2] Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter in this proceeding.  If any question arises as to the propriety of this removal, Defendants request the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of their position that this case is properly removable. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (stating that "[w]here fraudulent joinder is an issue," courts "will go somewhat further" than the allegations of a complaint, since "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent").

-2-

1   a removing party's burden of demonstrating the amount-in-controversy requirement

2   is "easily met" if "it is facially apparent from the allegations in the complaint that

3   plaintiff's claims exceed $75,000." *Kenneth Rothschild Trust v. Morgan Stanley*

4   *Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Singer v. State*

5   *Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997)).

6        Plaintiff Florence Quarg took Eliquis upon the direction of her physician to

7   reduce the risk of stroke and embolism due to atrial fibrillation, and as a result,

8   allegedly experienced gastrointestinal bleeding, anemia, and severe pain and

9   suffering.  (Compl. ¶¶ 7, 8.)  Her use of Eliquis purportedly caused her to

10  experience "severe personal injuries, including medical expenses, physical pain and

11  mental anguish, diminished enjoyment of life, and loss of earnings, among other

12  damages."  (Compl. ¶ 9, 55, 71.)  Further, Plaintiff "suffered serious and dangerous

13  side effects including, life-threatening bleeding, as well as other severe and

14  personal injuries which are permanent and lasting in nature."  (*Id.* at ¶¶ 111, 123,

15  133, 141.)  Plaintiff seeks to recover compensatory damages (pain and suffering,

16  emotional distress, loss of enjoyment of life); economic damages (including

17  medical expenses, out of pocket expenses, lost earnings); and punitive damages,

18  together with interest, costs of suit, and attorneys' fees.  (*Id.* at ¶¶ 95, Prayer for

19  Relief ¶¶ 1-8.)

20       Based on any reasonable reading of the Complaint, the severity of the

21  injuries pleaded and breadth of damages sought lead to the inevitable conclusion

22  that Plaintiff will seek damages far exceeding $75,000.  As it is facially apparent

23  that the Complaint seeks damages in excess of $75,000, the amount-in-controversy

24  requirement for diversity jurisdiction is satisfied.  *See* 28 U.S.C. § 1332.

25  /////

26  /////

27  /////

28  /////

-3-

## V.   COMPLETE DIVERSITY EXISTS BETWEEN THE PROPERLY CONSIDERED PARTIES.

Plaintiff Florence Quarg has been a resident of California at all times referenced in the Complaint.  (Compl. ¶ 23.)  Defendants BMS and Pfizer are both Delaware corporations headquartered in the State of New York.  (Compl. ¶¶ 15, 19.)  Defendants are, therefore, citizens of Delaware and of New York for purposes of federal diversity jurisdiction.  28 U.S.C. § 1332(c)(1).  As Plaintiff is a citizen of California, and Defendants are citizens of Delaware and New York, complete diversity exists between Plaintiff and Defendants.

Defendant McKesson's citizenship should be disregarded for the purposes of determining whether diversity exists, as McKesson has been fraudulently joined, and is not a necessary and indispensable party. *Emrich*, 846 F.2d at 1193 n.1.

### A.   McKesson is Fraudulently Joined.

Plaintiff includes McKesson in this lawsuit solely to defeat diversity jurisdiction; as McKesson is fraudulently joined, its citizenship may be disregarded in assessing subject matter jurisdiction.  "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Morris*, 236 F.3d at 1067.

Here, McKesson is fraudulently joined.  The sole charge directed at McKesson is the conclusory allegation that McKesson packaged, marketed, supplied, sold, and distributed Eliquis in California.  (Compl., ¶¶ 10-15.)  This allegation alone is insufficient to state a cause of action, as Plaintiff fails to plead facts establishing that McKesson's acts were wrongful or the proximate cause of their injuries.

/////

-4-

1    Beyond this conclusory statement, the Complaint, as drafted, carefully avoids
2    pleading facts that would demonstrate the lack of a claim against McKesson.
3    Plaintiff conceals the lack of a cause of action against McKesson by referring to all
4    three parties as "Defendants," without distinguishing among them.   Considering
5    just the first few allegations Plaintiff attributes to all "defendants," it is apparent
6    that Plaintiff has employed this tactic to give the illusion of a claim against
7    McKesson, though no such claim is actually alleged.

8    For example, Plaintiff claims that "Defendants received FDA approval to
9    market Eliquis in 2012 (NDA 202155)." (Compl., ¶ 28.) But BMS—and not
10   McKesson—obtained approval from FDA to market Eliquis. (Kim Decl., Ex. A
11   (FDA approval letter for Eliquis).)  Then, Plaintiff alleges that "defendants" used
12   incompetent Chinese agents to conduct a study called ARISTOTLE, and committed
13   fraud in their conduct of that study.  (Compl., ¶¶ 32, 33.)  But the ARISTOTLE
14   study was sponsored by BMS, not McKesson.  (Kim Decl., Ex. B
15   (ClinicalTrials.gov information on Aristotle study).)  Further, Plaintiff states that
16   "at a February 9, 2012 meeting between the FDA and BMS-Pfizer executives, the
17   FDA is reported to have characterized the conduct of defendants as showing a
18   pattern of inadequate supervision." (Compl., ¶34)  This allegation, while ascribed
19   to all "defendants," cannot be related to McKesson.  Not only was McKesson not
20   involved in the clinical trial which was purportedly inadequately supervised (*see*
21   Kim Decl., Ex. B), but its role in the marketing and distribution of Eliquis could not
22   have started for at least 10 months after the meeting, when the FDA approved
23   Eliquis for marketing. (Kim Decl., Ex. A.)   The Complaint is replete with
24   examples of allegations which have been attributed to all defendants, when it is
25   clear that the allegations could never be attributed to McKesson.

26   By contrast, McKesson, by name, is hardly mentioned in the Complaint.
27   Aside from sections describing jurisdiction and the parties, the Complaint does not
28   *once* mention McKesson. (Compl. ¶¶ 27-163.)  The only facts the Complaint does

-5-

1  allege as to McKesson concern its general presence and business activity in

2  California, so as to establish personal jurisdiction.  (*Id.* ¶¶ 10-15, 25.)  Indeed,

3  McKesson is mentioned in only seven of the 163 paragraphs in the Complaint.

4          Plaintiff's allegations against McKesson do not support the contention that

5  McKesson violated the law in any way, much less that it was negligent, is strictly

6  liable, breached warranties, or negligently misrepresented anything with respect to

7  Eliquis, as the Complaint summarily contends.  In short, Plaintiff attributes no

8  specific wrongful act to McKesson.  "While Plaintiff is in no way required to prove

9  her case, by the same token she cannot avoid a finding of fraudulent joinder by

10 asserting a mere hypothetical possibility of a cause of action against the resident

11 defendant."  *Higley v. Cessna Aircraft Co.*, No. CV 10–3345–GHK (FMOx), 2010

12 WL 3184516, at *2 (C.D. Cal. July 21, 2010) (internal quotation marks and

13 brackets omitted).

14         Plaintiff has no real intention of obtaining a joint judgment against

15 McKesson and Defendants, and her allegations against McKesson are no more than

16 an attempt to avoid removal.  Under these circumstances, McKesson is fraudulently

17 joined. *See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d

18 1000, 1003 (4th Cir. 1990) ("a joinder is fraudulent if there is no real intention to

19 get a joint judgment").  Its citizenship should be disregarded for the purposes of

20 determining diversity.

21         **B.    McKesson is Not a Necessary and Indispensable Party.**

22         Alternatively, the Court should sever and remand Plaintiff's claims against

23 McKesson pursuant to Federal Rule of Civil Procedure 21 because McKesson is not

24 a necessary and indispensable party under Federal Rule of Civil Procedure 19.

25 Under Rule 21, district courts may sever and remand claims against unnecessary

26 defendants to perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-*

27 *Larrain*, 490 U.S. 826, 832 (1989) (stating "it is well-settled that Rule 21 invests

28 district courts with authority to allow a dispensable party to be dropped at any

-6-

1   time"). The Ninth Circuit has stated that Rule 21 "is viewed as a grant of

2   discretionary power to the federal court to perfect its diversity jurisdiction by

3   dropping a nondiverse party provided the nondiverse party is not indispensable to

4   the action under Rule 19." *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th

5   Cir. 2003) (internal quotation marks and brackets omitted); *accord Koehler v.

6   Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) ("[A] party or claim whose presence

7   deprives the court of jurisdiction may be dropped or severed from the action.")

8   (citing Fed. R. Civ. P. 21)). Courts may sever claims against even a properly joined

9   party, so long as that party is not necessary and indispensable within the meaning of

10  Rule 19. *See* 4 Moore's Federal Practice § 21.05, at 21-20 to -21 ("[C]ourts agree

11  that the Rule may apply even in the absence of misjoinder or nonjoinder.").

12      McKesson is not a necessary and indispensable party to this litigation. It is

13  barely the subject of any allegations in the Complaint, and none of the allegations

14  relating to McKesson concerns any wrongdoing with respect to Eliquis. Plaintiff

15  does not allege that McKesson and Defendants acted in concert; and even if

16  Defendants and McKesson could be held jointly liable for some of Plaintiff's

17  alleged injuries, that does not make McKesson a necessary and indispensable party,

18  since "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be

19  named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S.

20  5, 7 (1990) (per curiam) (holding that alleged joint tortfeasor physician was not a

21  necessary and indispensable party to products liability action against medical

22  device manufacturer).

23  ## VI.   CONCLUSION

24      Accordingly, Defendants respectfully request that this action now pending

25  against Defendants in the Superior Court of the State of California, County of

26  /////

27  /////

28  /////

-7-

1   San Diego, be removed to this Court and that this action be placed upon the docket

2   of this Court for further proceedings as though originally instituted in this Court.

3

4   Dated:  November 1, 2016

5                                        DLA PIPER LLP (US)

6                                        By:  /s/ Brooke Kim

7                                             BROOKE KILLIAN KIM
                                             Attorneys for Defendant Bristol-Myers
8                                             Squibb Company and Pfizer Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EAST\135364145.1                                                    NOTICE OF REMOVAL